IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JIMMY D. CLARK,<br>　　Petitioner | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-05-262 |
| | § | |
| WARDEN JOE D. DRIVER,<br>　　Respondent | §<br>§<br>§ | |

## MEMORANDUM AND RECOMMENDATION

Petitioner is in the custody of the federal Bureau of Prisons ("BOP") and currently is incarcerated at the Federal Corrections Institution in Three Rivers, Texas. Proceeding *pro se*, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on May 23, 2005, arguing that his Sixth Amendment right to have a jury determine any fact that increased his sentence was violated when the court used the federal sentencing guidelines to enhance his sentence. Respondent filed a motion to dismiss on August 30, 2005 to which petitioner responded on September 14, 2005 (D.E. 9, 14).

## BACKGROUND

Petitioner was charged on September 15, 1993 in the United States District Court for the Western District of Texas with three counts of armed bank robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and three counts of using a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1) (Indictment, att. to Memorandum, D.E. 1). Pursuant to a written plea agreement, petitioner pleaded guilty on January 7, 1994 to one count of the indictment charging him with armed bank robbery and the other five counts were dismissed (Plea Agreement, att. to Memorandum, D.E. 1).

The Pre-Sentencing Report ("PSR") calculated petitioner's offense level, using the United States Sentencing Guidelines ("USSG"), as follows: (1) base offense level of 20 under USSG § 2B3.1;  (2) increased by two levels because taking of property from a financial institution was an object of the offense under USSG § 2B3.1(b)(1);  (3) increased by five levels for brandishing of a firearm under USSG §2B3.1(b)(2)(C);  (4) increased by one level because the loss exceeded $10,000 under USSG § 2B3.1(b)(6)(C);  (5) increased by two levels for obstruction of justice under USSG § 3C1.1 and (6) increased by two levels for obstruction of justice when petitioner recklessly created a substantial risk of death or serious bodily injury to another person in the course of flight from a law enforcement officer under USSG § 3C1.2 (Memorandum, D.E. 1, p. 4). Petitioner's total offense level was 32.

The district court adopted the sentence enhancements recommended in the PSR and on March 7, 1994 sentenced petitioner to 204 months in the custody of the BOP to be followed by a five-year term of supervised release and ordered petitioner to pay $1,510 in restitution (D.E. 1, p. 3, D.E. 9, p. 4).  Petitioner filed a direct appeal and the Fifth Circuit dismissed the appeal on September 23, 1994.  United States v. Clark, 37 F.3d 632 (5th Cir. 1994)(Table)(No. 94-50147)(unpublished).

On April 17, 1997 petitioner filed a motion to vacate his sentence under 28 U.S.C. § 2255 but it was denied on December 24, 1997 (D.E. 9, p. 4).  On June 11, 2003 petitioner filed a motion to reduce his sentence pursuant 18 U.S.C. § 3582(c), which was denied on August 5, 2003. Petitioner appealed the denial and but the appeal was denied.  United States v. Clark, 87 Fed. Appx. 405, 2004 WL 305987 (5th Cir. 2004)(Table)(No. 03-50906)(unpublished).

In early 2005 petitioner sought authorization from the Fifth Circuit to file a second or successive petition under 28 U.S.C. § 2255 so that he could challenge his sentence based on United

States v. Booker, 532 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).  The Fifth Circuit denied his request for authorization.  In re: Jimmy David Clark, No. 05-50448 (att. to Memorandum, D.E. 1).  Petitioner next filed the instant petition.

Petitioner argues that his Sixth Amendment right to have a jury determine any fact that increases his sentence was violated when the court, rather than the jury, enhanced his sentence beyond the parameters of the plea agreement, citing in support Booker and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).  He argues that it was his understanding that the maximum sentence which could be imposed was 108 months and that it should not have been enhanced to 204 months because the government did not present any evidence on the enhancements and the enhancement was a violation of his plea agreement.  Respondent counters that petitioner is not entitled to relief because his § 2241 petition does not fall within the savings clause of § 2255 because Blakely and Booker do not apply retroactively on collateral review.

## APPLICABLE LAW

The Fifth Circuit has explained the difference between motions filed pursuant to § 2255 and petitions filed pursuant to § 2241 as follows:

> Section 2255 is the primary means of collaterally attacking a federal sentence.  Section 2241 is used to attack the manner is which a sentence is executed.  A § 2241 petition which attacks errors that occur at trial or sentencing is properly construed under § 2255.  Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under § 2255 is inadequate or ineffective.
>
> We join our sister circuits that have held that a prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement does *not* make § 2255 inadequate or ineffective.  [Petitioner] is simply attempting to circumvent the limitations on filing successive § 2255 motions.

Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000)(per curiam)(italics in original)(internal citations omitted).  See also Pack v. Yusuff, 218 F.3d 448, 452-54 (5th Cir. 2000).

3

Accordingly, a § 2241 petition which attacks errors that occurred at trial or sentencing must either be dismissed, or construed as a § 2255 motion to vacate, set aside, or correct a sentence. Pack, 218 F.3d at 452. There is an exception to this rule, however, as discussed in Tolliver. A § 2241 petition attacking a federally imposed sentence may be considered if the petitioner establishes that the remedy under § 2255 is "inadequate or ineffective," thereby invoking the savings clause of § 2255. Tolliver, 211 F.3d at 878.

The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255 (emphasis added).

A petitioner must satisfy a two-prong test before the savings clause can be invoked to address errors occurring at trial or sentencing in a petition filed under § 2241. The Fifth Circuit has explained the test as follows:

> [T]he savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal or first § 2255 motion. Under these circumstances, it can be fairly said, in the language of the savings clause, that the 'remedy by a [successive § 2255] motion is inadequate or ineffective to test the legality of [the petitioner's] detention.' Of course, this test will operate in the context of our existing jurisprudence regarding what is *not* sufficient to obtain access of the savings clause.

Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001)(italics in original)(citing Pack, 218 F.3d at 452). Section 2241 is not a mere substitute for § 2255, and a petitioner bears the burden of showing that the § 2255 remedy is inadequate or ineffective. Id. at 901 (citing Pack, 218 F.3d at 452; Kinder v. Purdy, 222 F.3d 209, 214 (5th Cir. 2000)). Notably, a § 2255 motion is not

4

inadequate or ineffective merely because a petitioner cannot meet the "second or successive" requirements under the Anti-Terrorism and Effective Death Penalty Act. Pack, 218 F.3d at 452-453 (citations omitted). Similarly, the procedural barrier of a prior unsuccessful § 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy. Id. at 453.

Here, petitioner's claim attacks proceedings before and during sentencing, meaning the relief he seeks is not available under § 2241, but under § 2255. He recognizes this, but argues that a federal prisoner can bring a claim under § 2241 to show (1) actual innocence; (2) that a fundamental miscarriage of justice has occurred; (3) manifest injustice or (4) a denial of fundamental fairness. Petitioner argues that a fundamental miscarriage of justice has occurred because he understood that pursuant to the plea agreement his punishment range was between 87 and 108 months but he was sentenced to 204 months by the court and also that but for Constitutional error he would not have been legally eligible for the sentence he received.

Despite his attempts to camouflage the nature of his case, what petitioner is attempting to do is to bring a Booker claim under § 2241 because the Fifth Circuit refused him permission to do so in his earlier § 2255 motion. In Booker, the Supreme Court affirmed its earlier holding in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), that any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt. Booker, 125 S.Ct. at 756. Petitioner wants to apply Booker to his case because the court enhanced his punishment beyond the base offense level based on the information in his PSR. However, the Fifth Circuit has held that neither Booker (nor Apprendi or Blakely) are retroactively applicable on collateral review. In re Elwood, 408 F.3d 211 (5th Cir. 2005). See also Padilla v. United States, 416 F.3d 424, 426-27

(5th Cir. 2005)(Booker claim does not fall under the savings clause of §2255).  Accordingly, petitioner cannot meet the first prong of the savings clause test and so cannot bring his claim under § 2241.

## RECOMMENDATION

Based on the foregoing, it is recommended that respondent's motion to dismiss (D.E. 9) be granted and petitioner's cause of action for habeas corpus relief be dismissed.

Respectfully submitted this 7th day of December, 2005.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Article IV, General Order No. 80-5, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Services Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).